RECEIVED
USDC CLERK CHARLESTON
2022 JUN 13 PM 2:54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**CHARLESTON DIVISION**

King Grant-Davis

8210-A Meeting Street Road
North Charleston, S.C. 29405

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Diana Ruhlig Hendrix, Art Milligan, Geona Shaw Johnson, Florence Peters, and Jamie Roper

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:22-cv-01872-SAL-MGB

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☐ Yes  ☒ No
*(check one)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach
additional pages if needed.

| | |
|---|---|
| Name | King Grant-Davis |
| Street Address | 3210-A Meeting Street Road |
| City and County | North Charleston, Charleston County |
| State and Zip Code | South Carolina 29405 |
| Telephone Number | Landline 843-746-9543 |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint,
whether the defendant is an individual, a government agency, an organization, or
a corporation.  For an individual defendant, include the person's job or title (if
known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Diana Ruhlig Hendrix |
| Job or Title (if known) | Housing Services Manager Charleston Housing Authority |
| Street Address | 550 Meeting Street |
| City and County | Charleston, Charleston County |
| State and Zip Code | South Carolina, 29403 |
| Telephone Number | 843-723-4491 |

Defendant No. 2

| | |
|---|---|
| Name | Art Milligan |
| Job or Title (if known) | Chief Executive Officer (CEO) Charleston Housing Authority |
| Street Address | 550 Meeting Street |
| City and County | Charleston, Charleston County |
| State and Zip Code | South Carolina 29403 |
| Telephone Number | 843-723-4491 |

Defendant No. 3

| | |
|---|---|
| Name | Geona Shaw Johnson |

2

| | | |
|---|---|---|
| Job or Title (if known) | Director | |
| Street Address | Charleston Department of Housing and Community Development 75 Calhoun Street, 3rd Floor | |
| City and County | Charleston, Charleston County | |
| State and Zip Code | South Carolina 29401 | |
| Telephone Number | 843-724-3766 | |

Defendant No. 4

| | |
|---|---|
| Name | Florence Peters |
| Job or Title (if known) | It is unknown to plaintiff; and Defendant No.5  Jamie Roper, |
| Street Address | Senior Services Support Coordinator 75 Calhoun Street, 3rd Floor |
| City and County | Charleston, Charleston County |
| State and Zip Code | South Carolina 29401 |
| Telephone Number | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

Fair Housing Act, 42 U.S.C. Sec. 802(c) single individual
List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 U.S. Code Section 12701 - National housing goal
42 U.S.C. Sec. 13663(d) Opportunity To Dispute

24 CFR 982.5 Notices required by this part.

24 CFR 982.203 - Special admission (non-waiting list)

24 CFR 982.201(f) Decision to deny assistance
24 CFR 982,201(b)(i)   24 CFR Sec. 982(a)(1)

**B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

NOT APPLICABLE IN THIS CASE

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of
the State of *(name)* _____.

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____,
and has its principal place of business in the State of *(name)*
_____.

*(If more than one plaintiff is named in the complaint, attach an additional
page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. *Or* is a citizen of
*(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

4

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*: NONE FORESEEN

_____

_____

_____

## III.    Statement of Claim    PAGE 5 ATTACHMENTS BEGIN AT PAGE 5A

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff was born February 13, 1952 and is 70 years old.    He has several phisical disabilities. His only sources of support are Supplemental Security Income Thru federal Social Security Administration, and SNAP (i.e. food stamp benefits thru the Department of Social Security. See Page 5A

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. WHEREFORE plaintiff prays for an order of the Court reversing the actions and inaction of the Housing Suthority; and plaintiff prays for an order of the Court requiring Defendants Nos. 3, 4, and 5 to assist plaintiff to obtain auitable housing in residential owned or secured by the City of Charleston, so that he can sustain a rental lease as soon as possible.

Page 5A

1.      This case involves plaintiff's need to locate and rent a
suitable w safe, and longterm apartment. Plaintiff resided at 95
Nassau Street, Charleston  Beginning in September 2005 for $450 a
month, unitil the owner there raised the rent another $100. In
December 2017 the owner told plaintiff that he was going to have
the house fixed up and rented at a higher cost. He told plaintiff
to move to another residence for that reason. Plaintiff promptly
began searching to rent elsewhere. Plaintiff's low income (i.e.
SSI) qualified him for a unit of the Housing Authority of the City
of Charleston. Plaintiff looked for another residence every day,
including Sundays). At the Housing Authority on March 02, 2018,

2.      Plaintiff completed application forms available  to people
waiting in line to be seen. Plaintiff completed an application for
public housing, and a separate application for Section 8 housing.
The personnel deciding the application denied both after they learn-
ed that plaintiff was a registrant because of his 1970s youthful
convict for sex offenses in New York. See 42 U.S.C. Sec. 13663,
and 24 CFR Section 960.204(4), etc. Plaintiff started registering
while on parole in 2000. Plaintiff completed his concurrent prison
sentences on June 09, 2003.

3.      Plaintiff sought assistance from Defendant Geona Shaw John-
son, Director of Charleston Department of Housing and Community
Development because of that Office's authority over housing accu-
mulated by the City. Plaintiff sought public housing on April 12,
2022 because the new owners of all five houses where the new own-
ers required the tenants to move out (i.e. 3206 thru 3210½ Meet-
ing Street Road, North Charleston) so that new owners Boneworks

Page 5B

can have the homes (two built in 1940, and 3 built in 1945) im-
proved (i.e. subject them to modern reconstruction work), and
when they become ready to be rented again, the cost to rent them
will be much higher than plaintiff and the other lower income
tenants would be able to afford. The plaintiff has not been able
to rent another apartment and move out, because the Charleston
County market rate for a one bedroom and one bathroom apartment is
over $900 dollars monthly. The SSI is only $840. Therefore, the on-
ly way that plaintiff obtain an apartment that he could afford is
if he can be accepted for a Housing Authority unit or other govern-
ment assisted housing.  That is why the plaintiff was required to
participate during the Housing Authority online applications for
seniors' one bedroom, on bathroom units. Defendant Jamie Roper did
plaintiff's online application while on the telephone with plain-
tiff, having him provide answers to questions on the application
form. The online system led plaintiff to believe that the decision
on the application would be made by Defendant Diana Hendrix and her
staff at a later date.


NEGLIGENCE

4.    When in January 2022, February 2022, and early March 2022
plaintiff had contacted numerous (i.e. more than ten) private sec
-tor owners and/or landlords of suitable one bedroom, one bath-
room apartments who would not consider renting to plaintiff, and
his SSI benefit was not enough to pay them to rent, plaintiff
contacted Defendant Geona Shaw Johnson for assistance in obtain-
ing a suitable, safe, and longterm apartment. Charleston County's

Page 5C

Administrative Services Coordinator 1 Ms. Dawn Lee, with know-
ledge of Ms. Johnson, said that when plaintiff is accepted for the
apartment, her office would pay the initial rent, and three more
months rent to get plaintiff in a suitable residence. At that point
, plaintiff had not heard of Defendants Peters and Roper. It was ap-
proximately March 30th 2022 during a telephone conversation with
Ms. Johnson's agency that plaintiff was told that Peters, Ms. La-
toya Bates, and Ms. Roper would be working to help him. From there,
plaintiff, by telephone, made good faith efforts to keep them in-
formed about what was going on in his situation, as they never
scheduled an appointment to discuss anything about his situation.
Neither Peters nor Bates reached out to assist plaintiff. Roper did
two things, purportedly to assist him, as follows: She gave plain-
tiff a phone number to call to talk with a Mr. Curry about a one-
bedroom apartment he had for rent about $750 monthly. When plaintiff
talked with Curry it was obvious that to pay him that amount to
rent it would not leave sufficient funds for plaintiff to pay other
bills. Curry also told plaintiff that he raises the cost to rent
periodically. The only other thing that Roper did to purportedly
assist plaintiff: She conducted plaintiff's online application for
one bedroom, one bathroom apartment with the Housing Authority on
April 12, 2022 for senior citizens, while plaintiff was on the
phone providing answers to questions she stated from the form.
5.    On April 13th, 18th, and 22nd plaintiff wrote letters simul-
taneously to Defendants Diana Hendrix, and Geona Johnson concerning
his ongoing situation and his need for to be provided another apart-
ment to be accomplised sooner, and the presence and threat of asbes-
tos, as well as lead-based paint at the properties on which he is a

Page 5D

resident. Neither Ms. Hendrix nor Ms. Johnson responded to the letters. That danger was specifically mentioned in the April 22nd letter. Enclosed with the April 18th letter was a copy of the April 12, 2022 Memorandum of federal Department of Housing and Urban Development, Secretary Marcia L. Fudge: "Eliminating Barriers That May Unnecessarily Prevent Individuals with Criminal Histories from Participating in HUD Programs." Enclosed with the April 13th letter was the copies of the letter of original owner Russ Vincent recommending that other landlords rent to a tenant like plaintiff (his letter was written on January 21, 2022).; and the letter of present owner Boneworks recommending the same thing on plaintiff's behalf to other landlords. Johnson did not use those documents on plaintiff's behalf. Over the phone on April 26, 2022 Peters told plaintiff that Johnson gave her those letters and documents. Peters also refused to use them to advocate for plaintiff.

6.    In a call-back from Johnson April 27, 2022, she told plaintiff: "Ms. Hendrix said that she would expedite consideration of plaintiff's online application for housing." On June 03, 2022 plaintiff had a telephone talk with Hendrix, and she told him that she did not tell Johnson that she would expedite a consideration of his application. Although plaintiff contacted Roper at least twice after the date his application was submitted to the Housing Authority on 04-12-2022, on May 20, 2022 he called her on May 20, 2022 and by phone she told him as follows: "Your application was rejected by the system. We need to get Geona Johnson to speak to Housing Officials on your case behalf." She then hungup her phone to plaintiff.

7.
      In the week of May 23thru 28, 2022, Hendrix failed to answer

Page 5E

plaintiff's call referred to her by Lois Weston and requesting info-
rmation on the date and cause (i.e. reasons) that the application
was denied online. On June 03, 2022 plaintiff again called Hendrix
, and she spoke to plaintiff. She mentioned two questions that are
presented on the online application of which if the applicant answer-
ed "yes" thereto, the online system will enter a denial of the appli-
cation. When plaintiff and "yes" that he was required to register
lifetime for conviction of a sex offense, the online system instan-
taneously found him not eligible for placement on the waiting list
for a housing unit. Hendrix also told plaintiff that she considered
the April 12, 2022 Memorandum of HUD Secretary Marcia L. Fudge to
end discrimination against exoffenders who are shown to be not a
present danger in society, and Hendrix told plaintiff that she asked
Housing Authority Chief Executive Officer Art Milligan to give his
opinion of the Secretary Fudge Memorandum, and that they agreed
to the denial of the application.

## FAILURES TO NOTIFY
## OR TIMELY NOTIFY

8.    Because Roper actually completed the spplication online for
plaintiff, she would have known instantaneously the decision on
April 12, 2022. However, she did not say anything to plaintiff
about it until May 20, 2022 when plaintiff reached her over the
phone. Neither did Ms. Peters or Ms. Johnson say anything to him as
to the decision. These facts clearly shows that Johnson, Peters,
and Roper were negligent in their roles as representing and helping
plaintiff.

Page 5F

9.    When <u>Hendrix</u> spoke to plaintiff on June 3, 2022 about the April 12 online application system denial, she admitted that the online system did not mention any opportunity of an appeal from the rejection. In a decision to deny assistance, the Public Housing Agency must give an applicant prompt <u>written notice</u> of a decision denying admission to the program, including a decision that the applicant is not eligible, or denying assistance for any other reason. See 24 CFR 982.201(f)(1). Under <u>42 U.S. Code, Sec. 13663(d)</u>, before an adverse action is taken with respect to an applicant for federally assisted housing on the basis that an individual is subject to a lifetime registration requirement under a State sex offender registration program, the public housing agency obtaining the record shall provide the tenant or applicant with a copy of the registration information and an opportunity to dispute the accuracy and relevance of that information. Where part 982 requires any notice to be given by the PHA...the notice must be in writing. See 24 CFR 982.5 - Notices required by this part.

10.    In this case, the online application, and the actions and inaction of Defendants <u>Hendrix</u> and <u>Milligan</u> failed to comply with requirements listed at paragraph 9 above. Therefore, that violated HUD requirements, See 24 CFR 982.52. This denies plaintiff his substantive due process right, procedural due process right, and right to equal protection of the laws guaranteed in Amendment XIV OF THE United States Constitution. The April 12, 2022 Memorandum of HUD Secretary Marcia L. Fudge is not required to be a statute in order to have force and effect of law. It's purpose is to eliminate barriers and discrimination against prevents affected citizens

Page 5G

participating in federally assisted housing benefits. That document
coincides with 42 U.S. Code Sec. 12701 - National housing goal, which
reaffirms: "The Congress affirms the national goal that every Ameri-
can family be able to afford a decent home in a suitable environ-
ment. That is also a purpose of Cranston-Gonzalez National Afford-
able Housing Act, To expand and improve Federal rental assistance
for very low-income families. 42 U.S. Code Sec. 12703(4).

Special admission (non-waiting list)

11.    In the three letters plaintiff wrote to Defendants Ms.Hendrix
and Ms. Johnson, especially the one signed on 4-22-2022, plaintiff
made them aware that he was in the midst of owner Boneworks' rebuild-
ing and asbestos cleanups, and that one of the other four houses (i.
e. 3206 Meeting Street Road) was right side by side with the one
plaintiff resides in (i.e. 3210 A and B Meeting Street Road) and that
at the time asbestos cleanup at the 3206 home was going on for ap-
proximately a week. The rebuilding by Boneworks requires some demo-
lition work on those houses. Therefore, even though the online sys-
tem rejected the application, Defendants Hendrix and Milligan had
legitimate grounds to approve plaintiff's application as a "special
admission" to get him to a more safe and suitable residence. See
24 CFR 982.203(b)(1). It was arbitrary and contrary to the purposes
of the public housing goals when they ignored plaintiff's predica-
ment. Moreover, Boneworks is continuing their improvement construc-
tion, and plaintiff needs a suitable and safe apartment to moveout
to. It is already known that his SSI benefit is not adequate funds
for him to rent at the market rate cost, and public housing would

Page 5H

be his only solution in this case.

12.    Defendants Nos. 3, 4, and 5 started out supposedly going to help plaintiff, but instead they reneged on that, and their actions or inaction consistently harmed and didnot help plaintiff. As already shown herein, The online application system and Defendants Nos. 1 and 2 comply with Pt. 24 CFR when they decided this case, nor did they comply with the requirements after making the decision.

Date: June 13, 2022

Respectfully Submitted
King Grant-Davis
King Grant-Davis
Plaintiff, Pro se

3210-A Meeting Street Road
North Charleston, S.C.
29405

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 13, 2022

| | |
|---|---|
| Signature of Plaintiff | |
| Printed Name of Plaintiff | King Grant-Davis |
| | Pro se |

### B.    For Attorneys

Date of signing: _____, 20__.

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| Telephone Number | |
| E-mail Address | |

6