IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| King Grant-Davis, | ) | Civil Action No. 2:22-cv-1872-SAL-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order Adopting [59] Report and** |
| | ) | **Recommendation** |
| Diana Ruhling Hendrix, Art Milligan, | ) | |
| Genoa Shaw Johnson, Florence Peters, and | ) | |
| Jamie Roper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Report and Recommendation of Magistrate Judge Mary Gordon Baker (Report) made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [ECF No. 59.]

**FACTUAL AND PROCEDURAL BACKGROUND**

King Grant-Davis (Plaintiff), proceeding pro se, filed suit challenging the Charleston Housing Authority's denial of his application for public housing and Section 8 federal housing assistance. [ECF Nos. 1, 59.] The Report sets forth the detailed factual and procedural background of this case, but, in summary, Plaintiff is registered as a convicted sex offender under the South Carolina Sex Offender Registry Act, S.C. Code Ann. §§ 23-3-400 *et seq*. [ECF No. 59 at 1-2.] After being forced to vacate a previous apartment, Plaintiff sought assistance procuring new housing from the City of Charleston's Department of Housing and Community Development. *Id.* at 2. Employees within the city's housing authority helped him complete two applications for government-subsidized housing, but both applications were rejected based on his status as a lifetime sex offender. *Id.* Plaintiff now brings multiple causes of action against the housing authority employees (Defendants) who assisted him under 42 U.S.C. § 1983, including negligence

1

and violation of his due process and equal protection rights under the Fourteenth Amendment. *Id*. at 6, 14 n.7. He also argues 42 U.S.C. § 13663, Ineligibility of dangerous sex offenders for admission to public housing, is a "discriminatory statute." *Id*. at 7.

Defendants filed a motion to dismiss, ECF No. 33, to which Plaintiff filed a response. [ECF No. 43.] In her Report, the magistrate judge recommends granting Defendant's motion and dismissing Plaintiff's case in full, stating

> Ultimately, Plaintiff's Amended Complaint takes issue with the fact that he was denied public housing and housing assistance because of his placement on the lifetime sex offender registry. (*See generally* Dkt. Nos. 23, 35.) However, 42 U.S.C. § 13663 mandates that lifetime registered sex offenders be denied admission to public housing and housing assistance programs. Plaintiff was well-aware of this requirement before he filed this lawsuit, given that he filed a separate lawsuit in this Court contesting [the] same in 2019. Further, his Amended Complaint makes clear that he was kept informed about the status of his applications and the reasons for their denial through various phone calls and communications with Defendants. These are simply not facts on which it is necessary for this Court to interfere with the deference afforded to local housing authorities.

[ECF No. 59 at 13.] Attached to the Report was a Notice of Right to File Objections [ECF No. 59 at 16.] Plaintiff timely filed objections. [ECF No. 61.] This matter is now ripe for ruling.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Any party may serve and file written objections in response to a recommendation. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, a party must object with sufficient

specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## STANDARD OF REVIEW

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). This does not mean, however, that the court can ignore a pro se party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Services*, 901 F.2d 387, 390–91 (4th Cir. 1990).

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005); *Ashcroft,* 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court need not, however, accept as true allegations that are contradicted by exhibits to the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).

## DISCUSSION

Although an objection need not be novel to be specific, it still must alert the district court as to the grounds on which the litigant believes the magistrate judge erred in recommending dismissal of his claim. *See Elijah*, 66 F.4th at 460. Rather than challenging the magistrate judge's findings, Plaintiff makes allegations which were not addressed in the Report at all, such as Defense counsel "violated attorney-client privilege, in terms of who they chose to represent and when." [ECF No. 61 at 2.] Under a liberal construction of Plaintiff's filing, however, the court identifies two specific objections: first, that 42 U.S.C. § 13363 is a "legislative entrenchment that attempts to bind subsequent congressional action," and second, that the magistrate judge erred in filing her Report one week before the discovery completion date on February 21, 2023. *Id*. at 3–4.

### I.     42 U.S.C. § 13663 is not a legislative entrenchment

Plaintiff argues that 42 U.S.C. § 13663 is an "entrenchment" that "attempt[s] to bind subsequent congressional [a]ction," citing the dissenting opinion in *Ctr. for Invest. Reporting v. United States Dept. of Justice*, 982 F.3d 668, 694–95 (9th Cir. 2020) (withdrawn and superseded

4

on denial of rehearing en banc by *Ctr. for Invest. Reporting v. United States Dept. of Justice*, 14 F.4th 916 (9th Cir. 2021)) [ECF No. 61 at 5.] In *Ctr. for Invest. Reporting*, Judge Bumatay of the Ninth Circuit argued the Freedom of Information Act, 5 U.S.C. § 552, contained a legislative entrenchment:

> [FOIA] says that, to be effective, any exemption from FOIA disclosure must "specifically cite[ ] to this paragraph [5 U.S.C. § 552(b)(3)(B)]" if enacted after the 2009 law. 5 U.S.C. § 552(b)(3)(B). The Act, thus, purports to prevent future congresses from passing FOIA exemptions without an express citation to "5 U.S.C. § 552(b)(3)"—in other words, without using the "magical password."

*Id.* at 696.[1] Unlike Judge Bumatay, Plaintiff has failed to identify language in 42 U.S.C. § 13663 that could be construed as binding on future congressional action. Rather, Plaintiff argues two HUD memorandums "ordering elimination of discrimination against citizens on the basis of criminal histories" renders the statute illegal. [ECF No. 61 at 5.] The court finds 42 U.S.C. § 13663 does not contain an entrenchment. Plaintiff's argument that the HUD memorandums render this statute illegal is without merit.

### II.  Magistrate judge did not err in issuing her Report before the expiration of the discovery deadline

As stated above, the magistrate judge makes only a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Plaintiff objects to the fact the magistrate judge issued her Report a week before the discovery completion deadline, thereby "illegally recommend[ing] dismissal of Plaintiff's case[.]" [ECF No. 61 at 4]. Discovery was due by February 21, 2023, and five months have passed since that deadline. Plaintiff has not said whether

---

[1] Although the majority recognized the question of whether FOIA contained a legislative entrenchment was a matter of "first impression," it declined to take up the matter. *Ctr. for Invest. Reporting*, 982 F.3d at 685.

he received the requested discovery as of the discovery deadline, nor has he indicated he made any attempt to retrieve discoverable materials from Defendants after the deadline ran. In short, Plaintiff has not shown he was prejudiced by the magistrate judge issuing her Report prior to the closing of the discovery deadline.

## CONCLUSION

The court adopts the Report, ECF No. 59, in its entirety. Based on the facts and law as set forth above, Defendants' Motion to Dismiss, ECF No. 33, is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

July 26, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge